[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13964

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT MARSHALL,
a.k.a. Big Daddy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:12-cr-00087-WKW-CSC-9

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Robert Marshall, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018. Marshall argues that he was entitled to compassionate release because his diabetes and hypertension put him at increased risk of severe COVID-19 symptoms and because of the harshness of his original sentence. He also argues that the district court abused its discretion by finding that the 18 U.S.C. § 3553(a) factors weighed against his release because the court failed to adequately weigh his post-sentencing efforts at rehabilitation. After careful review, we affirm.

## I.

A jury found Marshall guilty of one count of conspiring to distribute five kilograms or more of a substance containing powder and crack cocaine and one count of using a communication facility to commit a conspiracy. Marshall was sentenced as a career offender under the Sentencing Guidelines; he received a below-guidelines sentence of 300 months' imprisonment.

Years later, Marshall filed a motion for compassionate release under the First Step Act. He asserted that he was eligible for compassionate release because the facility in which he was incarcerated had a high infection rate and a low vaccination rate for

COVID-19 and because the COVID-19 vaccine is less effective against new virus variants. He asserted that the facility was unequipped to handle outbreaks of the virus and that local hospital intensive care units were at capacity. Marshall asserted that, because he is a 50-year-old African American male with diabetes and high blood pressure, he is at increased risk of death should he contract the virus. He explained that he previously contracted the virus and continues to suffer from shortness of breath, fatigue, headaches, dizziness, loss of taste and smell, blackouts, and hot flashes.

Marshall further contended that he was a non-violent drug offender serving an unusually long sentence. He asserted that he was not a danger to the community and highlighted his post-conviction rehabilitation, including the maintenance of employment, the avoidance of any disciplinary infractions, and the completion of several classes.

The government opposed Marshall's motion, arguing that his conviction was for conspiracy to distribute dangerous narcotics and emphasizing that he was a career offender with a lengthy criminal history. The government noted that Marshall still had 13 years remaining on his sentence and argued that reducing his sentence by half would not account for the seriousness of the offense, protect the public from future crimes, or provide adequate deterrence.

The district court denied Marshall's motion. The court concluded that he had not shown extraordinary and compelling circumstances warranting compassionate release. The court also reasoned that the 18 U.S.C. § 3553(a) factors did not support Marshall's

early release. The court noted that Marshall had engaged in rehabilitation efforts while incarcerated. But it nonetheless found release inappropriate, citing the nature and circumstances of his offenses, his history and characteristics (including his lengthy criminal history), the need to promote respect for the law, the deterrent value of adequate punishment, and the potential danger to the community.

This is Marshall's appeal.

## II.

We review a district court's denial of a § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (internal quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted by statute. *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). A district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and (3) doing so would not endanger any person or the community within the meaning of § 1B1.13's policy statement. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Because a district court "must find that all necessary conditions are satisfied

before it grants a reduction," where "at least one of the compassionate-release conditions was not satisfied, it cannot—as either a syntactical or logical matter—have been error for the district court to skip assessment of another condition." *Id.* at 1238.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018). As relevant here, the commentary to § 1B1.13 lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* § 1B1.13, comment n.1(A). However, a medical condition can only serve as the basis for compassionate release if it is terminal or "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* A person also may be eligible for a sentence reduction if, "[a]s determined by the Director of the BOP, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other examples listed. *Id.* § 1B1.13, comment n.1(D). But post-conviction rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.* § 1B1.13, comment n.3.

The policy statement in § 1B1.13 applies to all motions filed under § 3582(c)(1)(A), and thus district courts are bound to apply § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). We have held that § 1B1.13, comment n.1(D), is not at odds with

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, and that the phrase "[a]s determined by the Director of the [BOP]" could not be replaced with "as determined by a district court." *Id.* at 1263. So, courts do not have the freedom to define other extraordinary and compelling reasons beyond those set forth in § 1B1.13 or determined by the director of the BOP. *Id.* at 1264.

Under 18 U.S.C. § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Tinker*, 14 F.4th at 1241. The district court need not address each of the § 3553(a) factors or all of the mitigating evidence. *Id.* A sentence may be affirmed so long as the record reveals that the district court considered a number of the factors. *Id.*

Here, the district court did not abuse its discretion in denying Marshall's motion. First, the court correctly concluded that Mr.

Marshall had not shown "extraordinary and compelling" reasons justifying compassionate release. A preexisting medical condition that merely may exacerbate the symptoms of COVID-19 is not an extraordinary and compelling circumstance justifying compassionate release. U.S. Sent'g Guidelines Manual § 1B1.13 comment n.1(A) (U.S. Sent'g Comm'n 2018); *Bryant*, 996 F.3d at 1262; *see United States v. Giron*, 15 F.4th 1343, 1346–47 (11th Cir. 2021) (upholding the denial of a motion for compassionate release where the movant suffered from medical conditions—high cholesterol, high blood pressure, coronary artery disease—that put him at an increased risk of severe symptoms if he contracted COVID-19 because those conditions were manageable in prison and did not meet the categories in comment n.1(A)). That leaves Marshall's argument that his sentence should be reduced because of the severity of his sentence. We have held, however, that compassionate release cannot be granted solely due to a circumstance beyond those set forth in § 1B1.13 or determined by the director of the BOP. *Bryant*, 996 F.3d at 1264. We are bound by that decision. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). And severity of the sentence is not a circumstance listed in § 1B1.13 or determined by the director of the BOP. Thus, the district court did not err in concluding that one of the necessary conditions for the granting of compassionate release had not been satisfied. *See Tinker*, 14 F.4th at 1238.

Second, and alternatively, Marshall has not shown that the district court abused its broad discretion in weighing the § 3553(a)

factors by weighing the severity of his offense and status as a career offender more heavily than his efforts at rehabilitation. *See id.* at 1241. Thus, the district court did not err in concluding that a second necessary factor for compassionate release was unsatisfied.

In sum, we must affirm the district court's denial of Marshall's motion for compassionate release.

**AFFIRMED.**